UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CAMERON MILTON,

Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-4753 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

On August 5, 2026, Plaintiff Cameron Milton ("Plaintiff"), proceeding *pro se*, commenced this action. *See* Complaint, Dkt. 1 ("Complaint" or "Compl."). Plaintiff simultaneously submitted a request to proceed *in forma pauperis* ("IFP"). *See* Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2 ("IFP Motion" or "IFP Mot."). Because Plaintiff has not established that he is unable to pay the filing fees, his IFP Motion is denied. Plaintiff is granted 14 days from the date of this Order to pay the filing fees or file a Long Form IFP application that provides sufficient information to determine whether he is indigent.

**DISCUSSION**

28 U.S.C. § 1914(a) "require[s] the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350." There is an additional administrative fee of $55, for a total of $405. Jud. Conf. Schedule of Fees, Dist. Ct. Miscellaneous Fee Schedule n.14 (2023) (issued in accordance with 28 U.S.C. § 1914). Under 28 U.S.C. § 1915(a)(1), the Court may waive the filing fees for an indigent party after they "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." The IFP statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). The statute is designed "to

insure that indigent persons have equal access to the judicial system." *Davis v. N.Y.C. Dep't of Educ.*, 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A litigant makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and [his] dependents 'with the necessities of life.'" *Adkins*, 335 U.S. at 339 (alteration in original). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Grimes v. Sil*, 19-CV-1066(AMD), 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, 3:22-cv-00664-SRU, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

A court "shall dismiss" a case that has been filed *in forma pauperis* if the court determines that the litigant's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often apply that provision when a litigant's statement of income and assets fails to establish the level of poverty required under the IFP statute. *See, e.g.*, *Bey v. Queens Cnty., Supreme Cts.,* 19-CV-2038 (WFK)(PK), 2019 WL 11690197, at *2 (E.D.N.Y. May 1, 2019) (dismissing the action without prejudice where plaintiffs failed to pay the filing fee or submit an adequate IFP application); *Chowdhury v. Sadovnik*, 17-CV-2613 (PKC), 17-CV-2614 (PKC), 2017 WL 4083157, at *7 (E.D.N.Y. Sep. 14, 2017) (directing plaintiff to pay the filing fee or file an amended IFP application); *Pinede v. N.Y.C. Dep't of Env't Prot.*, 12-CV-6344 (CBA), 2013 WL 1410380, at *6 (E.D.N.Y. Apr. 8, 2013) (denying the plaintiff's request to proceed IFP and directing payment of the filing fee in order to proceed).

Here, Plaintiff does not provide sufficient information for the Court to find indigency that would entitle him to proceed without the prepayment of fees. In his application to proceed IFP, Plaintiff acknowledges that, in the past 12 months, he received income from "business, profession, or other self-employment," but does not provide any source of money, amount, or what he expects

to receive in the future. IFP Mot. at 1. Instead, he states that his wages are $0.00 and claims that he "does not expect to receive any funds for the business, due to adverse action against him and his property." *Id.* at 1-2. The Complaint describes personal property and a vehicle that he claims were seized by Defendants. *See* Compl. ¶¶ 45, 118-20, 123-28. But in his IFP Motion, Plaintiff states "N/A" in the section reserved for listing his assets, such as automobiles, real estate, and other items of value, and does not provide any description or valuation of any assets. IFP Mot. at 2. Plaintiff marks that he does not receive income from any other sources. *Id.* at 1-2. However, Plaintiff also includes a statement of benefits from the New York City Department of Social Services indicating that he receives monthly payments of $298.00 in SNAP/Food Stamp benefits, and bi-weekly payments of $91.50 in regular cash assistance benefits. *Id.* at 3-4. In the section reserved for listing the amount of cash and savings he holds, Plaintiff claims "$0.00." *Id.* at 2. In the section reserved for describing any housing, transportation, or other regular monthly expenses, Plaintiff states "N/A," and he does not explain how he supports himself or pays for the expenses at the home address he provides. *Id.*

Based on the incomplete information and discrepancies in Plaintiff's reported income and assets, the Court cannot currently find that Plaintiff is indigent and unable to pay the costs of filing, and thus Plaintiff's IFP Motion is denied. Within 14 days from the date of this Order, Plaintiff may complete the Long Form IFP Application available at https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form or pay the $405 filing fees to the Clerk of Court of the Eastern District of New York if he wishes to proceed with this lawsuit. If Plaintiff fails to submit a completed Long Form IFP application or to pay the filing fees within the time allowed, the action may be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, along with a Long Form IFP application, and to note the mailing on the docket.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

August 25, 2026
Brooklyn, New York